UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S.B.Q.V., *by next friend and mother MARIA BLANCA VIMOS RIVERA*, <br><br> Petitioner, <br><br> -against- <br><br> LORRAINE M. SÁNCHEZ, *et al.*, <br><br> Respondents. | 26-CV-2276 (JPO) <br><br> ORDER |

J. PAUL OETKEN, United States District Judge:

Maria Blanca Vimos Rivera, on behalf of her minor son S.B.Q.V.,[*] has filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241 and seeks emergency relief. The Court, having examined the Petition, hereby ORDERS that:

(1) Within **two business days of the date of this Order**, Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted.

(2) Within **four business days of Respondents' return**, Petitioner shall file a reply.

The parties shall then appear for a telephonic conference with the Court at on **March 25, 2026** at **4:00 p.m.** At the scheduled time, counsel should call (855) 244-8681 and enter ID number 2312 828 7066.

To preserve the Court's jurisdiction pending a ruling on the Petition, S.B.Q.V. shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du*

---

[*] Pursuant to Federal Rule of Civil Procedure 5.2, minors should be referred to only by their initials. Fed. R. Civ. P. 5.2(a)(3). The parties are directed to refer to S.V.B.Q. in public filings only by his initials. The Clerk of Court is directed to amend the caption accordingly.

1

*v. United States Dep't of Homeland Sec.*, No. 25-CV-0644, 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). **Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer S.B.Q.V. except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.** *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828, 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205, 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117, 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

## CONCLUSION

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

Within **two business days of the date of this Order**, Respondents shall file a return on the Order to Show Cause.

The parties shall then appear for a telephonic case management conference with the Court on **March 26, 2026** at **4:00 p.m.**

2

The Clerk of Court is directed to amend the caption as set out in the footnote of this Order.

SO ORDERED.

Dated:    March 19, 2026
          New York, New York

_____
J. PAUL OETKEN
United States District Judge